GEORGE W. WRIGHT & ASSOCIATES, LLC
505 Main Street, Suite 106
Hackensack, NJ 07601
(201) 342-8884

Attorneys for Defendant
LIGHTNING TRANSPORTATION, INC.

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD.,<br><br>          Plaintiff,<br><br>- v -<br><br>EVANS DELIVERY COMPANY, INC., CHEETAH TRANSPORTATION, LLC, LIGHTNING TRANSPORTATION, INC., LAND TRANSPORTATION, FALCON TRANSPORT, INC., ATLANTIC TRUCKING COMPANY, INC., BRIDGE TERMINAL TRANSPORT, SEA LANE EXPRESS, INC., ST. GEORGE WAREHOUSE CO. OF GEORGIA, JACK FREEMAN TRUCKING CO., INC., LARRY'S CARTAGE CO., INC., TAB TRANSPORT, INC., SPIRIT TRUCKING COMPANY, GORNO TRANSPORTATION SERVICES, INC., ALL COAST INTERMODAL SERVICE, INC., ACE TRANSPORTATION, INC., TRANSPORT LEASING, INC., EMPIRE TRUCK LINES, INC., TRANSUS INTERMODAL, LLC, DOUBLE G TRANSPORTATION LLC, U.S. SERVICES, LLC, ROADLINK USA EAST, LLC, MIDWEST INTERMODAL SERVICES, INC., THE TRANSPORTER, INC.,<br><br>          Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. Sections 1441 and 1446, defendant LIGHTNING TRANSPORTATION, INC. ("LIGHTNING") hereby removes this action from the Superior Court of the State of New Jersey, Middlesex County, Law Division, Docket No. MID-L-4551-12, to this Honorable Court.

1. Plaintiff, MITSUI O.S.K. LINES, LTD. ("MITSUI"), commenced this action by filing a Complaint (Docket No. MID-L-4551-12) on or about July 2, 2012 in the Superior Court of New Jersey, Middlesex County against defendants. A copy of the Complaint, dated June 27, 2012, is annexed hereto as Exhibit "A."

2. The Complaint (Exhibit "A") was served by mail on LIGHTNING on August 13, 2012.

3. This action is timely removed to this Honorable Court within one (1) year of the commencement of this action, and within thirty (30) days of LIGHTNING's mail receipt of the Complaint (Exhibit "A"), in accordance with 28 U.S.C. §1446(b).

4. MITSUI issued through Bills of Lading covering the sea and land intermodal transportation of the subject shipments, in furtherance of which defendants performed inland transportation services to MITSUI, and which Bills of Lading constitute "maritime contracts"[1] that are governed by the United States Shipping Act of 1984, 46 U.S.C. Sections 40101-41309, and the United States Carriage of Goods by Sea Act of 1936 ("COGSA"), 46 U.S.C. Secs. 1300-1315. Accordingly, this Honorable Court has original subject matter jurisdiction pursuant to 28 U.S.C. Section 1333 and Fed.R.Civ.P. 9(h).

5. This action concerns MITSUI's claims for alleged overcharges with respect

---

[1] Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp., 130 S.Ct. 2433, 177 L.Ed.2d 424 (2010); Norfolk Southern Ry. Co. v. Kirby Pty. Ltd., 543 U.S. 14, 125 S.Ct. 385, 160 L.Ed.2d 183 (2004).

to freight charges relating to defendants' interstate transportation services which are governed by the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. Sec. 10101, et seq. Accordingly, this Honorable Court has original subject matter jurisdiction pursuant to 49 U.S.C. Secs. 13501, 13706, 13710, 14705 and 14501 and 49 C.F.R. Part 378.

6. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(2) on the ground there is diversity of citizenship between the parties in that (A) plaintiff MITSUI is a citizen of Japan; (B) defendants are corporations or other business entities that are organized in, and citizens of, one or more of the United States; and (C) the amount in controversy is alleged to be $2,111,172.43.

7. Based on the foregoing facts and allegations in the Complaint, there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Pursuant to consent letters, co-defendants EVANS DELIVERY COMPANY, INC.; FALCON TRANSPORT, INC.; ATLANTIC TRUCKING COMPANY, INC.; BRIDGE TERMINAL TRANSPORT, INC.; SEA LANE EXPRESS, INC.; ST. GEORGE WAREHOUSE CO. OF GEORGIA; JACK FREEMAN TRUCKING CO., INC.; LARRY'S CARTAGE COMPANY, INC.; SPIRIT TRUCKING COMPANY; TRANSPORT LEASING, INC.; EMPIRE TRUCK LINES, INC.; TRANSUS INTERMODAL, LLC; U.S. SERVICES, LLC; ROADLINK USA EAST, LLC; and THE TRANSPORTER, INC. consent to the removal of this action. Copies of the above defendants' consent letters are annexed hereto as Exhibit "B."

9. According to Certificates of Dissolution, copies of which are annexed hereto as Exhibit "C," defendants LAND TRANSPORTATION, LLC; TAB TRANSPORT, INC.; ALL COAST INTERMODAL SERVICES, INC.; ACE TRANSPORTATION, INC.;

DOUBLE G TRANSPORTATION, LLC; and MIDWEST INTERMODAL SERVICES, INC. were dissolved and no longer in business when this action was commenced. Copies of the aforesaid Certificates of Dissolution are annexed hereto as Exhibit "C."

10. Our investigation discloses that defendant CHEETAH TRANSPORTATION, LLC was the subject of a Chapter 11 proceeding in the United States Bankruptcy Court for the District of Delaware, Case No. 08-12430 (PJW) in which Orders were entered on January 12, 2009 (Doc. 677) and December 14, 2009 (Doc. No. 1555) confirming a liquidation plan and enjoining further actions against that defendant.

11. Our investigation further discloses that defendant GORNO TRANSPORTATION SERVICES, INC. is out of business and has not been served in this action.

12. Written notice of the filing of this Notice of Removal has been served on plaintiff's counsel and a copy of this Notice has been forwarded for filing with the Clerk of the Superior Court of the State of New Jersey for Middlesex County, Law Division.

WHEREFORE, defendant LIGHTNING TRANSPORTATION, INC. respectfully requests that this action be removed from the Superior Court of the State of New Jersey, Middlesex County, Law Division, to this Honorable Court.

Dated: September 7, 2012

                                              GEORGE W. WRIGHT & ASSOCIATES, LLC
                                              Attorneys for Defendant
                                              LIGHTNING TRANSPORTATION, INC.

                                              BY: _____
                                                    GEORGE W. WRIGHT

## CERTIFICATION OF SERVICE

I hereby certify that the attached Notice of Removal was served by regular mail and e-mail on September 7, 2012 on counsel for plaintiff, Anthony J. Pruzinsky, Esq. and Lauren E. Komsa, Esq., Hill Rivkins LLP, 102 South Broadway, South Amboy, New Jersey 08879.

Dated: September 7, 2012

_____
GEORGE W. WRIGHT