**SMITH ABBOT, LLP**
90 Broad Street, 4th Floor
New York, New York 10004
Tel: (212) 981-4501
Fax: (212) 981-4502
Attorneys for Defendant The Transporter, Inc.

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., | ) UNITED STATES DISTRICT COURT |
| | ) DISTRICT OF NEW JERSEY |
| Plaintiff, | ) |
| | ) Civil Action No. |
| - v - | ) 12-cv-05595 (KM) (MAH) |
| | ) |
| EVANS DELIVERY COMPANY, INC., | ) **NOTICE OF MOTION TO** |
| CHEETAH TRANSPORTATION, LLC, | ) **DISMISS COMPLAINT** |
| LIGHTNING TRANSPORTATION, INC., | ) |
| LAND TRANSPORTATION, FALCON | ) (Oral Argument Requested) |
| TRANSPORT, INC., ATLANTIC TRUCKING | ) |
| COMPANY, INC., BRIDGE TERMINAL | ) |
| TRANSPORT, SEA LANE EXPRESS, INC., | ) |
| ST. GEORGE WAREHOUSE CO. OF | ) |
| GEORGIA, JACK FREEMAN TRUCKING | ) |
| CO., INC., LARRY'S CARTAGE CO., INC., | ) |
| TAB TRANSPORT, INC., SPIRIT TRUCKING | ) |
| COMPANY, GORNO TRANSPORTATION | ) |
| SERVICES, INC., ALL COAST | ) |
| INTERMODAL SERVICE, INC., ACE | ) |
| TRANSPORTATION, INC., TRANSPORT | ) |
| LEASING, INC., EMPIRE TRUCK LINES, | ) |
| INC., TRANSUS INTERMODAL, LLC, | ) |
| DOUBLE G TRANSPORTATION LLC, U.S. | ) |
| SERVICES, LLC, ROADLINK USA EAST, | ) |
| LLC, MIDWEST INTERMODAL SERVICES, | ) |
| INC., THE TRANSPORTER, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

TO:     Anthony J. Pruzinsky, Esq.
        Lauren E. Komsa, Esq.
        Hill Rivkins LLP
        Attorneys for Plaintiff
        102 South Broadway
        South Amboy, NJ 08879

        PLEASE  TAKE  NOTICE  that  on  December  17,  2012,  at  10:00  a.m.,  the

undersigned attorneys for defendant THE TRANSPORTER, INC. will apply on behalf of said

defendant to Hon. Kevin McNulty, U.S.D.J., at the United States District Court, M.L. King, Jr.

Federal Building & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07102 for an Order

pursuant to: (A) Fed.R.Civ.P. 12(b)(6) dismissing the Complaint, dated July 2, 2012, against said

defendant for failure to state claims on which relief may be granted, and

PLEASE TAKE FURTHER NOTICE that defendant THE TRANSPORTER, INC.

will move on the above date to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(2) based on

the Court's lack of personal jurisdiction over said defendants, and

PLEASE TAKE FURTHER NOTICE that any answering papers or briefs must be

served on the undersigned no later than ten (10) days after receipt of plaintiffs' moving papers, and

PLEASE TAKE FURTHER NOTICE that in support of this motion defendant will

rely on the annexed Moving Declaration of Edward P. Abbot, Esq., Supporting Declarations of Jeff

Ebel, and the accompanying Brief, and

PLEASE TAKE FURTHER NOTICE that the undersigned counsel requests oral

argument on this motion, and

PLEASE TAKE FURTHER NOTICE that a proposed form of Order is submitted

herewith.

Dated:  November 27, 2012

SMITH ABBOT, LLP
Attorneys for The Transporter, Inc.

BY: _____
*Edward P. Abbot*
4EF5355DDC04424

Edward P. Abbot, Esq

2

## CERTIFICATION OF SERVICE

I hereby certify that on November 27, 2012, I filed electronically the attached Notice of Motion, Moving Declaration of Edward P. Abbot, Esq., Supporting Declarations of Jeff Ebel, Brief and proposed form of Order with the Clerk of the District using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Anthony J. Pruzinsky, Esq.
Lauren E. Komsa, Esq.
Hill Rivkins LLP
Attorneys for Plaintiff
102 South Broadway
South Amboy, NJ 08879

Dated:  November 27, 2012

DocuSigned by:

*Edward P. Abbot*

4EF6365DDC04424...

Edward P. Abbot, Esq

3

## SMITH ABBOT, LLP

90 Broad Street, 4th Floor
New York, New York 10004
Tel: (212) 981-4501
Fax: (212) 981-4502
Attorneys for Defendant The Transporter, Inc.

| | |
|---|---|
| **MITSUI O.S.K. LINES, LTD.,** | **UNITED STATES DISTRICT COURT** |
| **Plaintiff,** | **DISTRICT OF NEW JERSEY** |
| - v - | **Civil Action No.** |
| **EVANS DELIVERY COMPANY, INC., CHEETAH TRANSPORTATION, LLC, LIGHTNING TRANSPORTATION, INC., LAND TRANSPORTATION, FALCON TRANSPORT, INC., ATLANTIC TRUCKING COMPANY, INC., BRIDGE TERMINAL TRANSPORT, SEA LANE EXPRESS, INC., ST. GEORGE WAREHOUSE CO. OF GEORGIA, JACK FREEMAN TRUCKING CO., INC., LARRY'S CARTAGE CO., INC., TAB TRANSPORT, INC., SPIRIT TRUCKING COMPANY, GORNO TRANSPORTATION SERVICES, INC., ALL COAST INTERMODAL SERVICE, INC., ACE TRANSPORTATION, INC., TRANSPORT LEASING, INC., EMPIRE TRUCK LINES, INC., TRANSUS INTERMODAL, LLC, DOUBLE G TRANSPORTATION LLC, U.S. SERVICES, LLC, ROADLINK USA EAST, LLC, MIDWEST INTERMODAL SERVICES, INC., THE TRANSPORTER, INC.,** | **12-cv-05595 (KM) (MAH)** <br><br> **(Oral Argument Requested)** |
| **Defendants.** | |

---

### BRIEF IN SUPPORT OF THE TRANSPORTER INC.'S
### MOTION TO DISMISS COMPLAINT

---

SMITH ABBOT, LLP
Attorneys for defendant The Transporter, Inc.
90 Broad Street, 4th Floor
New York, New York 10004
Tel: (212) 981-4501
Fax: (212) 981-4502

On The Brief:
Edward P. Abbot, Esq.

4

## PRELIMINARY STATEMENT

On or about September 28, 2012 multiple defendants in this litigation, represented by George W. Wright, Esq., of George W. Wright & Associates LLC, filed a Motion to Dismiss Plaintiff's Complaint on behalf of certain defendants ("the Wright defendants"). Defendant THE TRANSPORTER, INC. hereby adopts the moving papers of those certain defendants and incorporates the Statement of Facts and Brief herein, as defendant THE TRANSPORTER, INC. is similarly situated to the Wright defendants.

The instant Motion is respectfully submitted on behalf of defendant THE TRANSPORTER, INC. in support of said defendant's motion for an Order:

(A)  pursuant to Fed.R.Civ.P. 12(b)(6) dismissing the Complaint for plaintiff's failure to: (1) comply with a condition precedent to suit by notifying defendants of a billing dispute within 180 days after MOL's receipt of defendants' disputed invoices pursuant to 49 U.S.C. 13710(a)(3)(B) and (2) file the Complaint within 18 months after delivery of the subject shipments pursuant to 49 U.S.C. 14705(b);

(B)  pursuant to Fed.R.Civ.P. 12(b)(6) dismissing all state law claims against defendant, including but not limited to all claims for alleged fraud, violation of the New Jersey Consumer Fraud Act, N.J.S.A, unjust enrichment and conversion as preempted by the "FAAAA" statute, The ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 14501(c)(1); and

(C)  pursuant to Fed.R.Civ.P. 12(b)(2) dismissing the Complaint against defendant THE TRANSPORTER, INC. for lack of personal jurisdiction over said defendant.

## STATEMENT OF FACTS

The Complaint, dated June 27, 2012, alleges the following background facts:

(A)  Plaintiff MITSUI O.S.K. LINES, LTD. ("MOL"), is a Japanese corporation and a vessel operating ocean common carrier with an agent, MOL (America) Inc., located in Edison, New Jersey;

(B)  MOL utilized the transportation services of defendant THE TRANSPORTER, INC., a motor carrier, between approximately 2004 and 2007, to make shipments primarily in Texas and

Louisiana;

(C)     For each shipment, MOL's agent issued a transportation order ("TPO") to a defendant with the shipment's pick-up location, destination and the freight charge to be paid by MOL to the defendant for the shipment;

(D)     After delivering each shipment, the involved defendant motor carrier issued an invoice to MOL's agent according to MOL's TPO terms; and

(E)     MOL paid defendants' invoices pursuant to the TPO terms.

The Complaint alleges counts for alleged fraud and violation of the New Jersey Consumer Fraud Act against each defendant as follows:

(A)     In or around February 2011, MOL allegedly discovered that the defendant motor carriers had falsely reported to MOL that they had delivered the shipments to the destinations identified in MOL's TPO;

(B)     Instead of delivering the shipments to the destinations identified in MOL's TPOs, the defendant motor carriers allegedly delivered them instead to different locations;

(C)     "The rates paid by MOL for transportation to the fictitious destinations were higher than the rates that were applicable to the true destinations" and defendants allegedly "either retained the additional money and/or split it with others unlawfully;" and

(D)     MOL alleges it was overcharged hundreds of dollars per shipment by the defendant motor carriers.

The Complaint further alleges a count against each defendant for breach of contract on the ground that "Defendants…failed to deliver the cargo to the agreed destinations and yet accepted full freight for the activities."  The Complaint further alleges a state law count against each defendant for unjust enrichment on the ground that "Defendants…have received payment from Plaintiff for transportation services which they agreed to provide, but which in fact did not provide."  The Complaint further alleges a state law count against each defendant for conversion

6

on the ground that "Defendant intentionally engaged in unauthorized or wrongful interference with Plaintiff's possession and/or ownership rights in the cargo, by wrongfully diverting the cargo to unauthorized destinations."

## LEGAL ARGUMENTS
## POINT I

### THE COMPLAINT FAILS TO PLEAD MOL'S COMPLIANCE WITH THE 180-DAY NOTICE REQUIREMENT
### WHICH IS A CONDITION PRECEDENT TO SUIT

The gist of MOL's Complaint is that defendants overcharged plaintiff for transportation services. "The plain and ordinary meaning of the term overcharge is "to charge too much or too fully." Lear Corporation v. LH Trucking, Inc. 2008 WL 2610239, *10 (E.D. Mich. 2008). The Complaint fails to state viable overcharge claims against defendants because the Complaint fails to allege that it notified defendants of a billing dispute within 180 days after plaintiff's receipt of the disputed invoices. Such timely notification is a statutory condition precedent to recovery under 49 U.S.C. Sec. 13710(a)(3)(B) which is commonly referred to as the "180-day Rule." Section 13710(a)(3)(B) states:

Additional billing and collecting practices

(a)    Miscellaneous Provisions.

(3)    Billing disputes.

(B)    Initiated by shippers. – If a shipper seeks to contest the charges originally billed or additional charges subsequently billed, the shipper may request that the [Surface Transportation] Board determine whether the

charges billed must be paid.  A shipper must contest the original bill or subsequent bill within 180 days of receipt of the bill in order to have the right to contest such charges.

"A shipper loses any right to contest charges (whether before the Board, in court or both) if it does not notify the carrier of its disagreement within 180 days of receiving he disputed bill, as required by Section 13710(a)(3)(B)."  Avery Dennison Corp. v. Con-Way Transportation Services, Inc., 2006 Ohio App. Lexis 6036, *10-11[citing Carolina Traffic Services of Gastonia, Inc. – Petition for Declaratory Order, STB No. 41689, 1996 STB Lexis 189 (May 31, 1996).

According to the United States Department of Transportation, Surface Transportation Board ("STB"), the 180-day Rule is a condition precedent to a suit for freight overcharges.  "This notification requirement must be met in order for the carrier or shipper to have a 'right' of action."  Id.  The STB explained that the 180-day rule applies to all billing disputes between shippers and motor carriers.  Avery, supra [citing National Assoc. of Freight Transp. Consultants, Inc. – Petition for Declaratory Order, STB No. 41826, 1997 STB Lexis 2403 (Apr. 21, 1997)].

As the Complaint fails to allege that MOL contested defendants' disputed freight charge invoices within 180 days after receipt, the Complaint must be dismissed.

## POINT II

### PLAINTIFF'S CLAIMS ARE UNTIMELY

The Complaint was not filed within 18 months after MOL's claims allegedly accrued.  Title 49 U.S.C. Sec. 14705, states, in pertinent part:

§ 14705.  Limitation on actions by and against carriers

(a) In general. A carrier providing transportation or service subject to jurisdiction under chapter 135 [49 U.S.C. §§ 13501, et seq.] must begin a civil action to recover charges for transportation or service provided by the carrier within 18 months after the claim accrues.

(b) Overcharges. A person must begin a civil action to recover overcharges within 18 months after the claim accrues. If the claim is against a carrier providing transportation subject to jurisdiction under chapter 135 [49 U.S.C. §§ 13501, et seq.] and an election to file a complaint with the Board or Secretary, as applicable, is made under section 14704(c)(1) [49 USCS § 14704(c)(1)], the complaint must be filed within 3 years after the claim accrues.

(c) Damages. A person must file a complaint with the Board or Secretary, as applicable, to recover damages under section 14704(b) [49 U.S.C. § 14704(b)] within 2 years after the claim accrues.

* * *

(g) Accrual date. A claim related to a shipment of property accrues under this section on delivery or tender of delivery by the carrier.

Plaintiff's claims are governed by Section 14705(b) because they allege freight overcharges by defendants. Lear Corporation v. LH Trucking, Inc. 2008 WL 2610239, *10 (E.D. Mich. 2008) involved facts analogous to those at bar. LH Trucking allegedly charged Lear Corp. for multi-stop shipments as separate trips, resulting in Lear's claim that it was billed for more miles than were actually covered by LH Trucking. Id. at *2. The Court held that the defendant's practice amounted to overcharging and, thus, the plaintiff's failure to file suit within 18 months resulted in the claimed overcharges being time-barred. Id. at *10. In Barber Auto Sales, Inc. v. United Parcel Service, Inc., 494 F.Supp.2d 1290 (N.D. Ala. 2007), the plaintiff alleged that UPS billed excessive shipping charges based on false package dimensions. Id. at

1292.  The District Court held that "the 18 month limitations period set out in §14705(b) applies to Barber's state law breach of contract claim" Id. at 1295.

The courts have consistently held that Section 14705 applies to all claims "by or against carriers" concerning freight charges, including all state law claims.  See Emmert Industrial Corp. v. Aristan Associates, Inc., 497 F.3d 982 (9th Cir. 2007) [holding Section 14705(a), the corollary limitation period for claims by carriers to recover charges from shippers, barred both state law and federal claims]; Artic Express v. Del Monte Fresh Produce NA, Inc., 366 B.R. 786, 793 (S.D. Ohio 2007); Cent. Transp. Int'l, Inc. v. Shuetz Container Sys., Inc., 2007 U.S. Dist. Lexis 22801, *20-22 (E.D.Mich. 2007);  CGH Transp. Inc. v. Quebecor World, Inc. 2006 U.S. Dist. Lexis 22657, *5 (E.D. Ky. 2006), affd. 261 Fed.Appx. 817 (6th Cir. 2008); United Traffic Consultants, Inc. v. Gordon Trucking, Inc., 2003 WL 3300392, *3 (D.Me. 2003); Avery Dennison Corp., v. Con-Way Transp. Servs. Inc., 2006 Ohio App. Lexis 6036, **4-5, **7-8 (Ohio Ct. App. 2006).

Plaintiff alleges that defendants' transportation services were rendered between 2004 and 2007, well over 18 months before the Complaint was filed on July 2, 2012.  Therefore, the Complaint is time-barred and should be dismissed.

## POINT III

### SECTION 14705 APPLIES TO ALL
### SHIPMENTS AT ISSUE IN THIS ACTION

The Complaint alleges that MOL utilized defendants' transportation services to transport goods from various United States ports or rail yards to inland destinations within the United States.

As the subject shipments are alleged to have moved in interstate commerce, Section 14705's 18-month limitation period applies to all shipments at issue in this action, whether defendants hauled them between different states or entirely within a state.  See, Walling v. Jacksonville Paper Co., 317 U.S. 564, 568,  63 S.Ct. 332, 87 L.Ed. 460 (1943) [the interstate commerce requirement is satisfied if the goods being transported are involved in a "practical

continuity of movement" in the flow of interstate commerce]; <u>Project Hope v. M/V IBN SINA</u>, 250 F.3d 67, 74 (2d Cir. 2001) ["the [interstate] nature of a shipment is…determined…by the essential character of the commerce, reflected by the intention formed prior to shipment, pursuant to which the property is carried to a selected destination by a continuous or unified movement" (emphasis added)].   The nature of a shipment is not determined by a mechanical inspection of the bill of lading nor by when and to whom title passes but rather by "the essential character of the commerce," <u>United States v. Erie R.R. Co.</u>, 280 U.S. 98, 102, 50 S. Ct. 51, 53, 74 L. Ed. 187, 206 (1929), reflected by the "intention formed prior to shipment, pursuant to which property is carried to a selected destination by a continuous or unified movement," <u>Great N. R. Co. v. Thompson</u>, 222 F. Supp. 573, 582 (D.N.D. 1963).   See also,  <u>State of Texas v. Anderson, Clayton & Co.</u>, 92 F.2d 104, 107 (5th Cir. 1937) [where shipper exporting cotton shipped it locally from Rochester, Texas to port of Houston for export, shipment held not to be intrastate in character], cert. denied, 302 U.S. 747, 58 S. Ct. 265, 82 L. Ed. 578 (1937).

All MOL shipments alleged in the Complaint to have been transported by defendants were "interstate" in nature.  Therefore, plaintiff's overcharge claims are barred by Section 14705(b).

## POINT IV

### THE DISCOVERY RULE RELIED

### ON BY PLAINTIFF IS PREEMPTED

Defendants' freight invoices were allegedly remitted to plaintiff during 2004 to 2007.  The Complaint avers that plaintiff did not discover the alleged overcharges until February, 2011.  Equitable tolling does not apply to this action because Section 14705(b) is part of a federal statutory scheme with respect to which "Congress did not intend courts to

read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote."

United States v. Brockamp, 519 U.S. 347, 352, 117 S.Ct. 849, 852, 136 L.Ed.2d 818, 823

(1997) [holding that I.R.S. time limitations for seeking reimbursement of tax overpayments

cannot be equitably tolled[1]].  The discovery rule is unavailable to plaintiff because the federal

courts only apply "a discovery accrual rule when a statute is silent" as to claim accrual.

Rotella v. Wood, 528 U.S. 549, 555, 120 S.Ct. 1075, 1081, 145 L.Ed. 2d 1047, 1055 (2000).

Section 14705(g) plainly states that a "claim accrues under this section on delivery or tender

of delivery by the carrier" (emphasis added). Therefore, the date when plaintiff purportedly

discovered the alleged overcharges is inconsequential.


## POINT V

### THE FAAAA STATUTE GIVES PLAINTIFF
### A BREACH OF CONTRACT CLAIM ONLY
### AND PREEMPTS ALL STATE LAW CLAIMS

The ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§101, et. seq.  ICCTA

Section 14501(c)(1) provides, in part, "A State … may not enact or enforce a law … related to a

price, route, or service of any carrier … with respect to the transportation of property."  Section

14501(c)(1) is commonly referred to as ICCTA's so-called "FAAAA" preemption clause

because it adopts virtually identical language contained in the Federal Aviation Administration

Authorization Act of 1994 ("FAAAA"), 108 Stat. 1605-1606, and the Airline Deregulation Act

of 1978 ("ADA"); 49 U.S.C. §41713(b)(4)(A) and (b)(4)(B)(i).

---

[1] In apparent response to Brockamp, in 1998 Congress enacted a narrow statutory exception to the time limitations applicable to any period during which a taxpayer is financially disabled. PUB. L. 105-206, § 3202(a), 112 STAT. 685 (codified at 26 U.S.C. § 6511(h)(1)).  To date, no other exception to the Brockamp rule has been enacted.

Congress's enactment of Section 14501 was explicitly based on the same language governing air carriers set forth in the FAAAA at 49 U.S.C. Section 41713(b)(4)(A) and was "intended to function in the exact same manner with respect to its preemptive effects." H.R. Conf. Rep. No. 103-677, 103rd Cong., 2d Sess. 85 (1994), reprinted in 1994 U.S.C.C.A.N. 715, 757. In Rowe v. New Hampshire Motor Transport Assn., 552 U.S. 364, 128 S. Ct. 989, 169 L. Ed. 2d 933 (2008), the Supreme Court held that the ADA's broad **preemptive** scope applies with equal force to ICCTA Section 14501(c)(1); Cerdant, Inc. v. DHL Express USA, Inc., 2009 U.S. Dist. Lexis 27070, *11-12, 2009 WL 723149, at *4 (S.D.Ohio 2009) [collecting cases].

ICCTA's FAAAA preemption clause broadly bars state regulation of, and state law causes of action against, interstate and intrastate motor carriers with respect to their prices, routes and services. "Service" is defined in the context of contracts as "duty or labor to be rendered by one person to another…." Black's Law Dictionary, 1533 (4th Ed. 1968). "'Services' generally represent a bargained-for or anticipated provision of labor from one party to another…" Hodges v. Delta Air Lines, Inc., 44 F.3d 334, 336 (5th Cir. 1995).

The United States Supreme Court held in Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383, 112 S. Ct. 2031, 119 L. Ed. 2d 157 (1992) that the ordinary meaning of the statutory phrase "relating to services" is "… a broad one -- 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with…" and that these words "express a broad pre-emptive purpose" (emphasis added). The High Court further held that that preemption may occur even if a state law's effect on rates, routes, or services "is only indirect," or if the state law is not specifically targeted at the industry or subject area preempted, and it makes no difference whether a state law is consistent or inconsistent with federal regulation. Id. at 386-387.

13

Preemption occurs where state laws have a "significant impact" related to Congress's deregulatory and preemption-related objectives.  Id. at 390.   The Morales Court noted that Congress's goal is to ensure transportation rates, routes, and services that reflect "maximum reliance on competitive market forces," thereby stimulating "efficiency, innovation, and low prices," as well as "variety" and "quality."  Id. at 378.

The Supreme Court similarly held in American Airlines, Inc. v. Wolens, 513 U.S. 219, 115 S. Ct. 817, 130 L. Ed. 2d 715 (1995) that the ADA preempts actions against air carriers under **state** consumer protection statutes.  Wolens held that the ADA preempted claims alleging that an airline's frequent flyer program was a deceptive practice under **state law.**  513 U.S. at 226.  Wolens mandates dismissal of all plaintiff's state law counts against defendants, including its New Jersey Consumer Fraud Act claims.

In Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc., 972 F.Supp. 665, 674 (N.D.Ga. 1997) the District Court, following Wolens, held that the FAAAA statute preempts "…all state law causes of action relating to an airline's rates, routes for services except for routine breach of contract actions with no enlargement or enhancement based on state laws or policies external to the agreement (emphasis original) [citing Wolens, supra].

Numerous federal courts have dismissed under the FAAAA preemption doctrine state law claims affecting the prices or services provided by interstate motor carriers.  See, Frey v. Bekins Van Lines, Inc., 802 F.Supp. 2d 438 (E.D.N.Y. 2011) [dismissing New York state consumer law claims against household goods carriers for alleged freight charge "low-balling"]; Chatelaine, Inc. v. Twin Modal, Inc., 737 F.Supp.2d 638, 639-643, 2010 U.S.Dist. LEXIS 85894 (N.D.Tex. 2010) [holding state law claims against freight broker for negligence, negligent hiring and deceptive trade practices preempted by Section 14501]; Huntington Operating Corp. v.

14

Sybonney Express, Inc., 2010 U.S.Dist. LEXIS 55591 at *6 (S.D.Tex. 2010) [dismissing state law claims against freight broker alleging deceptive trade practices, negligence and negligent misrepresentation based on Section 14501(c)(1) preemption];  Kashala v. Mobility Svces. Intl., LLC, 2009 U.S.Dist. LEXIS 64334 (D.Mass. 2009) [dismissing negligence claim against freight broker for alleged cargo damage]; Yellow Transportation, Inc. v. DM Transportation Mgmt. Svcs. Inc., 2006 U.S. Dist. LEXIS 51231 (E.D.Pa. 2006) [holding motor carrier's state law claims against freight broker alleging misrepresentation, unjust enrichment, quantum meruit, fraud and unlawful discounts preempted by FAAAA]. Mastercraft Interiors, Ltd. v. ABF Freight Systems, Inc., 284 F.Supp.2d 284, 288 (D.Md. 2003) [holding tort claims of misrepresentation, negligent misrepresentation, unjust enrichment and punitive damages preempted by ICCTA]; Thermal Techs., Inc. v. United Parcel Service., Inc. 2008 U.S. Dist Lexis 90243 (N.D. Okla. 2008) [dismissing unjust enrichment claim under FAAA]; All World Prof'l Travel Servs. Inc. v. Am. Airlines, Inc., 282 F.Supp. 2d 1161, 1169 (C.D. Cal. 2003) [finding that claims for unjust enrichment and declaratory and injunctive relief are preempted if the claims relate to prices or services].

FAAAA preemption has been held to require dismissal of state law claims arising from billing disputes involving interstate transportation services.  In Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849 (8th Cir. 2009), the plaintiff alleged that UPS improperly assessed a $10.00 charge for each shipment billed to plaintiff under its customer account.  Id. at 81.  The Eighth Circuit held plaintiff's state law claims against UPS for fraud and negligent misrepresentation preempted by the FAAAA.

In Barber Auto Sales, Inc. v. United Parcel Service, Inc., 494 F.Supp.2d 1290 (N.D.Ala. 2007) the Court similarly dismissed the plaintiff's state law equitable relief claims

against UPS as FAAAA-preempted.  The suit alleged that UPS improperly invoiced the plaintiff for excessive shipping charges based on false package dimensions.  The plaintiff sought money damages for breach of contract, rescission of the shipping contracts and an injunction prohibiting UPS from assessing further overcharging the plaintiff.  Id. at 1292.  The Court reasoned that granting the plaintiff injunctive relief would amount to an enlargement or enhancement of the parties' contract rights and, thus, such relief was preempted.  Id. at 1294.  See also, Grupp v. DHL Express (USA), Inc., 83 A.D.3d 1450, 922 N.Y.S.2d 888 (4th Dept. 2011) [dismissing a qui tam action alleging DHL's overbilling as preempted by the ADA and FAAAA]; Cerdant, Inc. v. DHL Express (USA), Inc. 2009 WL 723149 (S.D. Ohio 2009) [dismissing as preempted state law claims alleging DHL billed customers for shipments for which they generated waybills using DHL's website, but the goods were not actually tendered to DHL].

See also, Radiant Global Logistics, Inc. v. Cooper Wiring Devices, Inc., 1:11-cv-4254-SCJ, Doc.39 (N.D.Ga. Sept. 21, 2012) [fraud and Georgia Fair Business Practices Act claims against property freight broker for allegedly inflated rates held preempted by FAAAA]; ICU Investigations, Inc. v. Simonik Moving & Storage, Inc., 2009 Federal Carriers ¶84,624 (N.J. App.Div. 2009) [affirming dismissal of New Jersey Consumer Fraud Act and class action claims against intrastate household goods carrier for alleged deceptive underestimation of charges]. Copies of the decisions in Radiant Global and ICU Investigations are annexed hereto as Exhibits "1" and "2."

Plaintiff's freight overcharge claims against defendants directly relate to their prices and services within the meaning of the FAAAA statute.  Accordingly, all state law claims against defendants, except for breach of contract, should be dismissed.

16

## POINT VI

**PLAINTIFFS' COMPLAINT AGAINST THE
TRANSPORTER INC. SHOULD BE DISMISSED BECAUSE THE**

## COURT LACKS PERSONAL JURISDICTION OVER THEM

The Court lacks personal jurisdiction over defendant THE TRANSPORTER, INC. because they do not have sufficient minimum contacts with New Jersey.  It is a plaintiff's burden to demonstrate a basis for personal jurisdiction in response to a challenge by a defendant. Stranahan Gear Co. v. N.L. Indus., Inc., 800 F.2d 53, 58 (3rd Cir. 1986).  Plaintiff cannot establish a basis for personal jurisdiction over THE TRANSPORTER, INC.  Therefore, the Complaint should be dismissed against them.

Personal jurisdiction must be determined according to the law of the forum state. Max Daetwyler Corp. v. Meyer, 762 F.2d 290, 295 (3d Cir.), cert. denied, 474 U.S. 980, 106 S. Ct. 383, 88 L. Ed. 2d 336 (1985).  New Jersey Court Rule 4:4-4(b)(1) vests New Jersey courts with jurisdiction over non-residents to the outer limits permitted by due process.  Avdel Corporation v. Mecure, 58 N.J. 264, 268 (1971) ["In other words, we will allow out-of-state service to the uttermost limits permitted by the United States Constitution…In determining those limits we look first to the rulings of the United States Supreme Court"]; Reliance Nat. v. Dana Transport, 376 N.J. Super. 537, 543 (App. Div. 2005).

In the seminal case of Int'l. Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95  (1945), the United States Supreme Court set out the parameters of personal jurisdiction under the due process clause, holding that due process requires a defendant who does not have a presence in the forum must have certain minimum contacts with the forum state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  Id.  Minimum contacts require, "that there be some act by which the defendant

17

purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws.  Id. at 319.

The United States Supreme Court later explained that the "minimum contacts" test serves two purposes.  World Wide Volkswagen v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).  The first is to protect a defendant against litigating in an inconvenient forum which requires that "maintenance of the suit 'not offend traditional notions of fair play and substantial justice."  Id. at 291-292.  The second is to ensure that states do not exceed their jurisdictional limits under the federal system.  Id.  The latter policy "has been relaxed substantially over the years" because of the "fundamental transformation in the American economy."  Id. at 292-293.  The minimum contacts test is the preliminary requirement for establishing jurisdiction under the due process analysis.  Id. at 294.

Essential to the minimum contacts requirement of the due process analysis is whether the defendant should reasonably anticipate being sued in the forum state.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).  The record must show that the defendant has purposefully availed itself of the privilege of engaging in activities within the forum state, thereby gaining the benefits and protections of its laws.  Id. at 475.  Thus, defendants are protected from being "haled into court" in a foreign jurisdiction solely on the basis of random, fortuitous, or attenuated contacts or as a result of the unilateral activity of another party.  Id.

Only if the court finds that a defendant has purposefully established minimum contacts within the forum state can it proceed to the next requirement of the due process analysis. The second requirement analyzes other factors, including the state's interest in adjudicating the lawsuit and the plaintiff's interest in obtaining relief which is weighed against the sufficiency of

the contacts to determine if jurisdiction would be consistent with the notion of fair play and substantial justice.  Those factors may even "serve to establish the reasonableness of jurisdiction upon a lesser showing of jurisdiction that otherwise would be required."  Id. at 477.

In accordance with Int'l. Shoe Co., and its progeny, the New Jersey courts apply the minimum contacts test to determine whether jurisdiction exists over a non-resident defendant.  The New Jersey test requires a case-by-case, two-part analysis of a defendant's relationship with the forum state to satisfy the jurisdictional requirements of due process.  Waste Mgmt., Inc. v. Admiral Ins. Co., 138 N.J. 106, 122 (1994).  The first part is to determine if minimum contacts exist at all.  Id.  This ensures that a state's grasp does not exceed its jurisdictional reach while protecting the primary goal of ensuring that a defendant is not subject to a judgment in a state with which it has no minimum contact.  Id. [citing Gendler & Co. v. Telecom Equip. Corp., 102 N.J. 460, 471 (1986)].  The second part is reached only if minimum contacts exist.  Id. at 124.  Only if there are minimum contacts may the court weigh the sufficiency of the contacts against the relationship between the defendant, the forum state and the litigation.  Id. at 123 [citing Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)].

Minimum contacts may exist through "general jurisdiction" or "specific jurisdiction.  Lebel v. Everglades Marina, Inc., 115 N.J. 317, 322-23 (1989).  General jurisdiction subjects the defendant to suit on virtually any claim, even if unrelated to the defendant's contacts with the forum, but is unavailable unless the defendant's activities in the forum state can be characterized as "continuous and systematic" contacts.  Id.  Here, it is clear that defendants have no meaningful connections to New Jersey independent of the submission of the subject invoices to plaintiff's U.S. subsidiary's New Jersey office.

The issue is whether defendants' mere transmittal of invoices to MOL's agent's New Jersey office is sufficient to subject them to the "specific jurisdiction" of the New Jersey courts.   In the context of specific jurisdiction, the minimum contacts inquiry must focus on the "relationship among the defendant, the forum, and the litigation."   Id.   The minimum contacts requirement is satisfied if the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff.   Id.   In an alleged misrepresentation case like this one,[2] the New Jersey courts have held that "intentional miscommunication of information with knowledge or purpose that it will cause harm in this State, suffices to establish the requisite minimum contacts."   State of New Jersey v. Qwest Communications Intl. Inc., 387 N.J.Super. 487, 499 (App. Div. 2006); see also Lebel v. Everglades Marina, Inc., 115 N.J. 317, 324-325 (1989) [holding Florida defendant who telephoned New Jersey buyer to work out contract details, mailed contract to New Jersey, received payment from New Jersey and allegedly made fraudulent representations, had sufficient contacts to establish jurisdiction]; Blakey v. Continental Airlines, Inc., 164 N.J. 38 (2000) [defendants allegedly publishing defamatory electronic messages with knowledge they would be published in New Jersey held subject to New Jersey jurisdiction].

In the instant case, no harm was directed at or caused to any New Jersey resident. Plaintiff is a Japanese corporation that has no New Jersey presence of its own, besides its agent's office.   The subject invoices were allegedly sent to MOL's agent in New Jersey, however, MOL's agent is not a party to this action.   Plaintiff's decision to use its New Jersey agent to receive defendants' invoices, instead of having defendants send them to MOL's offices in Japan,

---

[2] Although plaintiff alleges fraud, violation of the New Jersey Consumer Fraud Act, unjust enrichment and conversion, these counts are preempted by the FAAAA statute as discussed in Point V above.

20

is entirely fortuitous.   As the subject shipments did not involve New Jersey, defendants'
connection to New Jersey with respect to the underlying facts is tenuous at best.   Furthermore, to
the extent plaintiff's fraud claims are completely preempted by federal law, defendants' alleged
conduct giving rise to preempted claims should not be considered with respect to a "minimum
contacts" analysis.

Under these circumstances, the exercise of jurisdiction over defendant THE
TRANSPORTER, INC. would not comport with "fair play and substantial justice."

## <u>CONCLUSION</u>

Defendant hereby adopts the legal arguments of the Wright defendants as set forth above.   The facts as they pertain to the Wright defendants are the same as THE TRANSPORTER, INC. Accordingly, the legal arguments are identical. Defendant THE TRANSPORTER, INC. respectfully requests that the Court dismiss the Complaint against said defendant for failure to state claims against them on which relief may be granted.   Defendant THE TRANSPORTER, INC. further respectfully requests that the Court dismiss the Complaint against them for lack of personal jurisdiction.

Dated:  November 27, 2012

Respectfully submitted,

DocuSigned by:

*Edward P. Abbot*

4EF5355DDC04424...

Edward P. Abbot, Esq.

**SMITH ABBOT, LLP**
90 Broad Street, 4th Floor
New York, New York 10004
Tel: (212) 981-4501
Fax: (212) 981-4502
Attorneys for Defendant The Transporter, Inc.

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff, | |
| | Civil Action No. |
| - v - | 12-cv-05595 (KM) (MAH) |
| | |
| EVANS DELIVERY COMPANY, INC., | **ORDER DISMISSING COMPLAINT** |
| CHEETAH TRANSPORTATION, LLC, | **AGAINST THE TRANSPORTER, INC.** |
| LIGHTNING TRANSPORTATION, INC., | |
| LAND TRANSPORTATION, FALCON | |
| TRANSPORT, INC., ATLANTIC TRUCKING | |
| COMPANY, INC., BRIDGE TERMINAL | |
| TRANSPORT, SEA LANE EXPRESS, INC., | |
| ST. GEORGE WAREHOUSE CO. OF | |
| GEORGIA, JACK FREEMAN TRUCKING | |
| CO., INC., LARRY'S CARTAGE CO., INC., | |
| TAB TRANSPORT, INC., SPIRIT TRUCKING | |
| COMPANY, GORNO TRANSPORTATION | |
| SERVICES, INC., ALL COAST | |
| INTERMODAL SERVICE, INC., ACE | |
| TRANSPORTATION, INC., TRANSPORT | |
| LEASING, INC., EMPIRE TRUCK LINES, | |
| INC., TRANSUS INTERMODAL, LLC, | |
| DOUBLE G TRANSPORTATION LLC, U.S. | |
| SERVICES, LLC, ROADLINK USA EAST, | |
| LLC, MIDWEST INTERMODAL SERVICES, | |
| INC., THE TRANSPORTER, INC., | |
| | |
| Defendants. | |

THIS MATTER having been opened to the Court by Smith Abbot, LLP, attorneys

for defendant THE TRANSPORTER, INC., upon motion for an Order pursuant to Fed.R.Civ.P.

12 dismissing the Complaint, dated June 27, 2012, against said defendant, and the Notice of

Motion and supporting papers having been served on counsel for plaintiff, and the Court having considered the papers submitted in support of and in opposition to the application, and for good cause shown,

IT IS on this          day of                    , 2012,

ORDERED that the Complaint be and hereby is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) against the aforesaid defendant for failure to state claims on which relief may be granted; and it is further

ORDERED that the Complaint be and hereby is dismissed pursuant to Fed.R.Civ.P. 12(b)(2) against defendant THE TRANSPORTER, INC. for lack of personal jurisdiction over said defendants.


_____
HON. KEVIN MCNULTY, U.S.D.J

**SMITH ABBOT, LLP**
90 Broad Street, 4th Floor
New York, New York 10004
Tel: (212) 981-4501
Fax: (212) 981-4502
Attorneys for Defendant The Transporter, Inc.

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., | ) UNITED STATES DISTRICT COURT |
| | ) DISTRICT OF NEW JERSEY |
| Plaintiff, | ) |
| | ) Civil Action No. |
| - v - | ) 12-cv-05595 (KM) (MAH) |
| | ) |
| EVANS DELIVERY COMPANY, INC., | ) **MOVING DECLARATION OF** |
| CHEETAH TRANSPORTATION, LLC, | ) **EDWARD P. ABBOT, ESQ.** |
| LIGHTNING TRANSPORTATION, INC., | ) |
| LAND TRANSPORTATION, FALCON | ) |
| TRANSPORT, INC., ATLANTIC TRUCKING | ) |
| COMPANY, INC., BRIDGE TERMINAL | ) |
| TRANSPORT, SEA LANE EXPRESS, INC., | ) |
| ST. GEORGE WAREHOUSE CO. OF | ) |
| GEORGIA, JACK FREEMAN TRUCKING | ) |
| CO., INC., LARRY'S CARTAGE CO., INC., | ) |
| TAB TRANSPORT, INC., SPIRIT TRUCKING | ) |
| COMPANY, GORNO TRANSPORTATION | ) |
| SERVICES, INC., ALL COAST | ) |
| INTERMODAL SERVICE, INC., ACE | ) |
| TRANSPORTATION, INC., TRANSPORT | ) |
| LEASING, INC., EMPIRE TRUCK LINES, | ) |
| INC., TRANSUS INTERMODAL, LLC, | ) |
| DOUBLE G TRANSPORTATION LLC, U.S. | ) |
| SERVICES, LLC, ROADLINK USA EAST, | ) |
| LLC, MIDWEST INTERMODAL SERVICES, | ) |
| INC., THE TRANSPORTER, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

EDWARD P. ABBOT, ESQ., declares the following:

1.      I am the principal of Smith Abbot, LLP, and counsel for defendant THE

TRANSPORTER INC.

25

2.       The Complaint, dated June 27, 2012, alleges the following facts:

(F)      Plaintiff MITSUI O.S.K. LINES, LTD. ("MOL"), is a Japanese corporation and a vessel operating ocean common carrier with an agent, MOL (America) Inc., located in Edison, New Jersey (¶1).

(G)      MOL utilized the transportation services of the above defendant motor carriers, commencing in or about <u>January, 2004 and continuing through in or about December, 2007</u>, to transport import shipments from various United States ports or rail yards to destinations within the United States (¶¶29and 33).

(H)      For each shipment, MOL's agent issued a transportation order ("TPO") to a defendant with the shipment's pick-up location, destination and the freight charge to be paid by MOL to the defendant for the shipment  (¶30).

(I)      After delivering each shipment, the involved defendant motor carrier issued an invoice to MOL's agent's Edison, New Jersey office according to MOL's TPO terms  (¶31).

(J)      MOL paid defendants' invoices pursuant to the TPO terms  (¶32).

3.       The Complaint alleges counts for alleged fraud and violation of the New

Jersey Consumer Fraud Act against each defendant as follows:

(E)      In or around February 2011, MOL allegedly discovered that the defendant motor carriers had falsely reported to MOL that they had delivered the shipments to the destinations identified in MOL's TPO (¶38).

(F)      Instead of delivering the shipments to the destinations identified in MOL's TPOs, the defendant motor carriers allegedly delivered them, instead to different locations  (¶38).

(G)      "The rates paid by MOL for transportation to the fictitious destinations were higher than the rates that were applicable to the true destinations" and defendants allegedly "either retained the additional money and/or split it with others unlawfully" (¶42).

(H)      MOL alleges it was overcharged hundreds of dollars per shipment by the defendant motor carriers  (¶47).

4.       The Complaint further alleges a count against each defendant for breach of

contract on the ground that "Defendants…failed to deliver the cargo to the agreed destinations and yet accepted full freight for the activities" (¶472)

5.     The Complaint further alleges a state law count against each defendant for unjust enrichment on the ground that "Defendants…have received payment from Plaintiff for transportation services which they agreed to provide, but which they in fact did not provide" (¶475).

6.     The Complaint further alleges a state law count against each defendant for conversion on the ground that "Defendants intentionally engaged in unauthorized or wrongful interference with Plaintiff's possession and/or ownership rights in the cargo, by wrongfully diverting the cargo to unauthorized destinations" (¶481).

7.     On or about September 27, 2012, George W. Wright, Esq., filed a Motion to Dismiss on behalf of certain defendants ("the Wright defendants");

8.     THE TRANSPORTER, INC., hereby adopts the legal and factual arguments set forth by the Wright defendants, as the claims are identical to those against THE TRANSPORTER, INC.  Accordingly, our legal arguments are the same.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 27, 2012.

DocuSigned by:

*Edward P. Abbot*

4EF5355DDC04424…

Edward P. Abbot, Esq.

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES…………………………………………..    ii

PRELIMINARY STATEMENT………………………………………….    1

STATEMENT OF FACTS……………………………………………..    1

LEGAL ARGUMENTS………………………………………………..    3

POINT I       THE COMPLAINT FAILS TO PLEAD
MOL'S COMPLIANCE WITH THE
180-DAY NOTICE REQUIREMENT
WHICH IS A CONDITION PRECEDENT
TO SUIT……………………………………………..    3

POINT II      PLAINTIFF'S CLAIMS ARE  UNTIMELY……………….    6

POINT III     SECTION 14705 APPLIES TO ALL
SHIPMENTS AT ISSUE IN THIS ACTION ……………….    6

POINT IV     THE DISCOVERY RULE RELIED ON
BY PLAINTIFF IS PREEMPTED………………………….    7

POINT V      THE FAAAA STATUTE GIVES
PLAINTIFF A BREACH OF CONTRACT
CLAIM ONLY AND PREEMPTS
ALL STATE LAW CLAIMS…………………………….    8

POINT VI     PLAINTIFF'S COMPLAINT AGAINST
CERTAIN DEFENDANTS SHOULD BE
DISMISSED BECAUSE THE COURT
LACKS PERSONAL JURISDICTION
OVER THEM……………………………………………    12

CONCLUSION………………………………………………….    17

i

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>CASES</u>

All World Prof'l Travel Servs. Inc. v. Am. Airlines, Inc., 282 F.Supp.2d
1161 (C.D. Cal. 2003)…………………………………………………………    10-11

American Airlines, Inc. v. Wolens, 513 U.S. 219, 115 S. Ct. 817,
130 L. Ed. 2d 715 (1995)……………………………………………………    9

Artic Express v. Del Monte Fresh Produce NA, Inc., 366 B.R. 786
(S.D. Ohio 2007)……………………………………………………………    5

Avery Dennison Corp. v. Con-Way Transportation Services, Inc.,
2006 Ohio App. Lexis 6036……………………………………………………    3-4, 6

Avdel Corporation v. Mecure, 58 N.J. 264 (1971)………………………………    13

Barber Auto Sales, Inc. v. United Parcel Service, Inc., 494 F.Supp.2d 1290
(N.D. Ala. 2007)……………………………………………………………..    5, 11

Blakey v. Continental Airlines, Inc., 164 N.J. 38 (2000)………………………    16

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174,
85 L.Ed.2d 528  (1985)………………………………………………………    14

Cent. Transp. Int'l, Inc. v. Shuetz Container Sys., Inc., 2007 U.S. Dist.
Lexis 22801 (E.D.Mich. 2007)……………………………………………………    5

Cerdant, Inc. v. DHL Express USA, Inc., 2009 U.S. Dist. Lexis
27070, 2009 WL 723149 (S.D.Ohio 2009)……………………………………    8, 11

CGH Transp. Inc. v. Quebecor World, Inc. 2006 U.S. Dist. Lexis 22657
(E.D. Ky. 2006), affd. 261 Fed.Appx. 817 (6th Cir. 2008)…………………………    5

Chatelaine, Inc. v. Twin Modal, Inc., 737 F.Supp.2d 638,
2010 U.S.Dist. LEXIS 85894 (N.D.Tex. 2010)…………………………………    10

Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849 (8th Cir. 2009)……..    11

Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.,
972 F.Supp. 665 (N.D.Ga. 1997)…………………………………………………..    9

ii

Emmert Industrial Corp. v. Aristan Associates, Inc., 497 F.3d 982
(9th Cir. 2007)……………………………………………………………..  5

Frey v. Bekins Van Lines, Inc., 802 F.Supp. 2d 438 (E.D.N.Y. 2011)…………..  10

Gendler & Co. v. Telecom Equip. Corp., 102 N.J. 460 (1986)…………………  15

Great N. R. Co. v. Thompson, 222 F. Supp. 573 (D.N.D. 1963)…………………  6-7

Grupp v. DHL Express (USA), Inc., 83 A.D.3d 1450, 922 N.Y.S.2d 888
(4th Dept. 2011)……………………………………………………………..  11

Hodges v. Delta Air Lines, Inc., 44 F.3d 334 (5th Cir. 1995)……………………..  9

Huntington Operating Corp. v. Sybonney Express, Inc.,
2010 U.S.Dist. LEXIS 55591 (S.D.Tex. 2010)……………………………………  10

ICU Investigations, Inc. v. Simonik Moving & Storage, Inc.,
2009 Federal Carriers ¶84,624 (N.J. App.Div. 2009)……………………………  11-12

Int'l. Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95
(1945)…………………………………………………………………………  13, 14

Kashala v. Mobility Svces. Intl., LLC, 2009 U.S.Dist. LEXIS 64334
(D.Mass. 2009)……………………………………………………………………  10

Lear Corporation v. LH Trucking, Inc. 2008 WL 2610239 (E.D. Mich. 2008)….  2, 5

Lebel v. Everglades Marina, Inc., 115 N.J. 317 (1989)…………………………  16

Mastercraft Interiors, Ltd. v. ABF Freight Systems, Inc., 284 F.Supp.2d 284
(D.Md. 2003)………………………………………………………………………  10

Max Daetwyler Corp. v. Meyer, 762 F.2d 290, 295 (3d Cir.),
cert. denied, 474 U.S. 980, 106 S. Ct. 383, 88 L. Ed. 2d 336 (1985)……………  13

Morales v. Trans World Airlines, Inc., 504 U.S. 374, 112 S. Ct. 2031,
119 L. Ed. 2d 157 (1992)……………………………………………………………  9

Project Hope v. M/V IBN SINA, 250 F.3d 67 (2d Cir. 2001)……………………  6

Radiant Global Logistics, Inc. v. Cooper Wiring Devices, Inc.,
1:11-cv-4254-SCJ, Doc.39 (N.D.Ga. Sept. 21, 2012)……………………………  11-12

iii

Reliance Nat. v. Dana Transport, 376 N.J. Super. 537 (App. Div. 2005)............ 13

Rotella v. Wood, 528 U.S. 549, 120 S.Ct. 1075, 145 L.Ed. 2d 1047 (2000)....... 7

Rowe v. New Hampshire Motor Transport Assn., 552 U.S. 364,
128 S. Ct. 989, 169 L. Ed. 2d 933 (2008)............................................... 8

Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683  (1977)... ........ 15

State of New Jersey v. Qwest Communications Intl. Inc., 387 N.J.Super.
487 (App. Div. 2006)....................................................................... 15-16

State of Texas v. Anderson, Clayton & Co., 92 F.2d 104 (5th Cir. 1937)........... 7

Stranahan Gear Co. v. N.L. Indus., Inc., 800 F.2d 53 (3rd Cir. 1986)............... 12

Thermal Techs., Inc. v. United Parcel Service., Inc. 2008 U.S. Dist.
Lexis 90243 (N.D. Okla. 2008)............................................................ 10

United States v. Brockamp, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818
(1997)........................................................................................... 7

United States v. Erie R.R. Co., 280 U.S. 98, 50 S. Ct. 51, 74 L. Ed.
187 (1929)...................................................................................... 6

United Traffic Consultants, Inc. v. Gordon Trucking, Inc., 2003 WL 3300392
(D.Me. 2003)................................................................................... 5

Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332,
87 L.Ed. 460 (1943)........................................................................... 6

Waste Mgmt., Inc. v. Admiral Ins. Co., 138 N.J. 106 (1994)........................ 14

World Wide Volkswagen v. Woodson, 444 U.S. 286, 100 S.Ct. 559,
62 L.Ed.2d 490 (1980)........................................................................ 13

Yellow Transportation, Inc. v. DM Transportation Mgmt. Svcs. Inc.,
2006 U.S. Dist. LEXIS 51231 (E.D.Pa. 2006)........................................... 10

iv

**STATUTES**

49 U.S.C. §13501…………………………………………………………  4

49 U.S.C. §13710…………………………………………………………  1, 3

49 U.S.C. §13907………………………………………………………….

49 U.S.C. §14501…………………………………………………………  1, 8

49 U.S.C. §14704…………………………………………………………  4-5

49 U.S.C. §14705…………………………………………………………  1, 4, 5, 7

49 U.S.C. §41713…………………………………………………………  8

Federal Aviation Administration Authorization Act of 1994
("FAAAA"), 108 Stat. 1605-1606……………………………………………..


**COURT RULES**

Fed.R.Civ.P. 12……………………………………………………………  1

New Jersey Court Rule 4:4-4(b)(1)……………………………………….  3


**MISCELLANEOUS**

Black's Law Dictionary, 1533 (4th Ed. 1968)……………………………..  8

Carolina Traffic Services of Gastonia, Inc. – Petition for Declaratory Order,
STB No. 41689, 1996 STB Lexis 189 (May 31, 1996)……………………………  4

H.R. Conf. Rep. No. 103-677, 103rd Cong., 2d Sess. 85 (1994),
reprinted in 1994 U.S.C.C.A.N. 715……………………………………………  8

National Assoc. of Freight Transp. Consultants, Inc. – Petition for Declaratory
Order, STB No. 41826, 1997 STB Lexis 2403 (Apr. 21, 1997)…………………………4

v

**SMITH ABBOT, LLP**
90 Broad Street, 4th Floor
New York, New York 10004
Tel: (212) 981-4501
Fax: (212) 981-4502
Attorneys for Defendant The Transporter, Inc.

| | |
|---|---|
| MITSUI O.S.K. LINES, LTD., ) | UNITED STATES DISTRICT COURT |
| ) | DISTRICT OF NEW JERSEY |
| Plaintiff, ) | |
| ) | Civil Action No. |
| - v - ) | 12-cv-05595 (KM) (MAH) |
| ) | |
| EVANS DELIVERY COMPANY, INC., ) | **SUPPORTING   DECLARATION   OF** |
| CHEETAH TRANSPORTATION, LLC, ) | **JEFF EBEL** |
| LIGHTNING TRANSPORTATION, INC., ) | |
| LAND TRANSPORTATION, FALCON ) | |
| TRANSPORT, INC., ATLANTIC ) | |
| TRUCKING COMPANY, INC., BRIDGE ) | |
| TERMINAL TRANSPORT, SEA LANE ) | |
| EXPRESS, INC., ST. GEORGE ) | |
| WAREHOUSE CO. OF GEORGIA, JACK ) | |
| FREEMAN TRUCKING CO., INC., ) | |
| LARRY'S CARTAGE CO., INC., TAB ) | |
| TRANSPORT, INC., SPIRIT TRUCKING ) | |
| COMPANY, GORNO TRANSPORTATION ) | |
| SERVICES, INC., ALL COAST ) | |
| INTERMODAL SERVICE, INC., ACE ) | |
| TRANSPORTATION, INC., TRANSPORT ) | |
| LEASING, INC., EMPIRE TRUCK LINES, ) | |
| INC., TRANSUS INTERMODAL, LLC, ) | |
| DOUBLE G TRANSPORTATION LLC, ) | |
| U.S. SERVICES, LLC, ROADLINK USA ) | |
| EAST, LLC, MIDWEST INTERMODAL ) | |
| SERVICES, INC., THE TRANSPORTER, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Jeff Ebel, declares the following:

1.    I am the Vice President of The Transporter, Inc. and I make this Declaration based on my personal knowledge.

2.    The Transporter, Inc. is a Delaware corporation with its office located at Houston, Texas.

3.    The Transporter, Inc. is an interstate motor carrier that services the South Central region.

4.    The Transporter, Inc. has 27 employees.

5.    The Transporter, Inc.'s managers and employees all live in Texas.

6.    The Transporter, Inc. has no offices, managers, employees, business agents, representatives, bank accounts or property of any kind in the State of New Jersey.

7.    The Transporter, Inc. does not solicit or conduct business of any kind in New Jersey and does not advertise in any media in New Jersey.

8.    The Transporter, Inc. has not picked up or delivered shipments in New Jersey within the last five (5) years.

9.    The Transporter, Inc.'s only regular contact with New Jersey is that it has a statutory agent for service of process in New Jersey as required by the U.S. Department of Transportation.

10.    None of the services provided The Transporter, Inc. with respect to the subject shipment were performed in New Jersey or required to be performed in New Jersey.

11.    Plaintiff has alleged that The Transporter, Inc. made shipments to certain locations, but fraudulently invoiced Mitsui O.S.K. Lines, Ltd. for shipments to further destinations at a higher cost.

12.    The Transporter, Inc. never invoiced Mitsui O.S.K. Lines, Ltd. fraudulently. All shipments made on behalf of Plaintiff were invoiced for the proper delivery charges.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 25, 2012.

**JEFF EBEL**